FILED

MAR 03 2021

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAKAYLA KILLS IN WATER,<br><br>Defendant. | 1:14-CR-10039-CBK<br><br>OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE |

## INTRODUCTION

Defendant pleaded guilty to assault resulting in serious bodily injury arising out of defendant shaking her 32-month-old stepchild. She was sentenced on July 11, 2016, to 120 months imprisonment. She appealed and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Kills in Water, 684 Fed. Appx. 585 (2017). Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that counsel was ineffective in failing to file an appeal. I denied the motion on initial review on the merits and on the basis that it was untimely. Kills in Water, 2019 WL 3306137 (D.S.D. 2019). Defendant is currently imprisoned at the Federal Correction Institution Waseca in Waseca, Minnesota. The Bureau of Prisons ("BOP") has calculated her current release date as September 14, 2023. https://www.bop.gov/inmateloc/ visited February 23, 2021.

Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant contends that her mother suffers from serious medical conditions and is a high risk for COVID-19. Defendant has served, as of February 1, 2021, 72 months of her sentence, about 60%.

## DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion for the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Effective November 1,

2006, the United States Sentencing Commission adopted Guidelines § 1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). The government does not contend that defendant has failed to exhaust her administrative remedies.

In evaluating a request for compassionate release, the district court is required to consider the factors set forth in section 3553(a), to the extent that they are applicable, and may reduce defendant's sentence of imprisonment if it finds that

> (i) extraordinary and compelling reasons warrant such a reduction, or
>
> (ii) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g),

and that such reduction is consistent with applicable policy statement issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13. The circumstances under which extraordinary and compelling reasons exist must include one of the circumstances set forth in Application Note 1 to U.S.S.G. § 1B1.13:

(A) Medical Condition of the Defendant.--

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,

2

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant
>
>> (i) is at least 65 years old;
>>
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>>
>> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Defendant requests compassionate release from the Court based upon her mother's medical condition and her mother's risk of infection from CIVID-19. The medical condition of defendant's mother is not a family circumstance warranting compassionate release.

The United States Court of Appeals for the Eighth Circuit acknowledged that the Sentencing Commission has not amended the policy statement in § 1B1.13 since the passage of the First Step Act. United States v. Rodd, 966 F.3d 740, 746 (8th Cir. 2020). Thus, the guideline still appears to limit the finding of an "extraordinary and compelling reasons" provision to the BOP. The Eighth Circuit did not determine in Rodd whether the district court could, separate from the BOP, apply the "extraordinary and compelling reasons" circumstance. Id. at 747. The district court in Rodd held that "even assuming a more expansive definition of 'extraordinary and compelling reasons' under the First Step Act," Rodd did not qualify for compassionate release. Id. Based upon the district court's consideration of "extraordinary and compelling reasons" notwithstanding whether such consideration was required, the Eighth Circuit held that "we need only determine 'whether the district court abused its discretion in

3

determining that the § 3553(a) factors weigh against granting [defendant's] immediate release.'" United States v. Rodd, 966 F.3d at 747 (quoting United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020)).

Even if I found that, in this defendant's case, the COVID-19 pandemic together with her mother's medical condition constituted cause for compassionate release, I would not order defendant's release. The sentencing factors set forth in 18 U.S.C. § 3553(a) do not warrant an early release. Defendant's sentencing guideline range was 37 – 46 months. I imposed an upward departure based upon extreme conduct and dismissed conduct. The sentence was based largely upon the fact that the injuries inflicted upon the victim amounted to a "life sentence." The victim, who was 4 ½ years old at the time of sentencing, will likely never walk again, suffers weakness on her left side, and cannot speak but a few words. The victim is blind in one eye and was only able to see shapes and figures out of her other eye due to the assault. Defendant was originally charged with assault resulting substantial bodily injury to a child in violation of 18 U.S.C. 113(7), which has a mandatory minimum term of imprisonment of ten years and a maximum term of life imprisonment. 18 U.S.C. § 3559(f). The government offered a plea deal allowing defendant to plead guilty to a superseding information charging assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(6), which has a maximum penalty of 120 months imprisonment. A sentence less than 120 months was not and is not appropriate in this case. An order granting compassionate release would amount to a 72-month sentence, which is not appropriate, taking into account the circumstances of the offense.

After considering all the circumstances set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13, I find that defendant is not entitled to compassionate release.

## ORDER

IT IS ORDERED that defendant's motion, Doc. 104, for compassionate release is denied.

DATED this 26th day of February, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4·